UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

Paul Brown, # 263009,                                    ) C/A No. 9:12-2467-DCN-BM
                                                         )
                              Plaintiff,                 )
                                                         )
vs.                                                      )
                                                         )   Report and Recommendation
Alan Wilson, Attorney General for the State of South     )
Carolina,                                                )
                                                         )
                              Defendants.                )
_____

        Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at the Turbeville

Correctional Institution and brings this action against the South Carolina Attorney General alleging

violations of 42 U.S.C. § 1983.  Although it is not clear from the Complaint, a review of the

attachments reveals he is attempting to attack his 1999 Hampton County convictions and sentences

for first degree criminal sexual conduct, kidnapping, first degree burglary, and attempted criminal

sexual conduct. Plaintiff also seeks costs and reasonable attorney's fees.

        Plaintiff complains that he "filed and submitted" a motion for re-sentencing pursuant to

"Rule 29" with the Clerk of Court for Hampton County. According to the Complaint, the South

Carolina Solicitor for the Fourteenth Circuit "refuse[s] to hear and entertain this motion," however,

Plaintiff also states the motion was heard by an Administrative Law Judge who denied and dismissed

the motion in an order dated May 31, 2007. Plaintiff alleges he filed a second motion pursuant to

Rule 35, but claims the "merits of the claims were never put on the court docket heard and

adjudicated." Plaintiff states he filed a third motion with the Clerk of Court in Hampton County for

1



re-sentencing, and later, a motion for appointment of counsel. He alleges the merits of the third

motion were never put on the docket. A fourth motion was submitted by the Plaintiff, which he also

claims was not heard or adjudicated.

Plaintiff states the issue before this court is whether these motions were properly filed.[1] He

alleges that the "[c]lerk [for Hampton County] filed the petition on June 6, 2012[,] made a copy for

her case file[,] and mailed back the three (3) copies back to Petitioner including a copy of the U.S.

Marshal Form. The Clerk never signed or dated the summons form in this civil action or had the U.S.

Marshal serve the Respondents with the one (1) USM-285 form that was provided. Petitioner further

complains as a result, the Respondent failed to answer and respond to the Petition within 21 days

after service of this summons..." Plaintiff seeks costs and reasonable attorney's fees.

Under established local procedure in this judicial district, a careful review has been made of

the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A,

the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504

U.S. 25, 112 S. Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines

v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*,

---

[1]

As Plaintiff has placed his allegations on a civil right's form and is seeking costs and
reasonable attorney's fees, he appears to be filing this matter pursuant to 42 U.S.C. § 1983.
However, as part of his requested relief Plaintiff also asks the Court to vacate his sentence and re-
sentence him, relief which may only be obtained in a habeas action. *See Preiser v. Rodriguez*, 411
U.S. 475, 500 (1973)(complaint or petition challenging the fact or duration of confinement should
be construed and processed as a habeas corpus petition, while a complaint or petition challenging
the conditions of confinement should be construed and processed as a complaint pursuant to 42
U.S.C. § 1983). If the plaintiff wishes to challenge the duration of his confinement, he must seek
and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth
Circuit to file a successive habeas petition. The petitioner can obtain the necessary forms for doing
so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit in Richmond,
Virginia.



64 F.3d 951 (4ᵗʰ Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173 (1980); *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079 (1972); *Fine v. City of N. Y.*, 529 F.2d 70 (2nd Cir. 1975). However, even when considered under this less stringent standard, the undersigned finds that the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

First, insofar as the plaintiff's conviction and sentence are concerned, the § 1983 complaint is subject to summary dismissal because a right of action has not yet accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, *supra*. *See also Schafer v. Moore*, 46 F.3d 43 ( 8ᵗʰ Cir. 1995)("Therefore, in light of *Heck*, the complaint was properly dismissed for failure to state a claim."); and *Woods v. Candela*,



47 F.3d 545 (2nd Cir. 1995)(*per curium*)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed). *See also Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178 (4th Cir. 1996)*. Accord Smith v. Holtz*, 879 F. Supp. 435 (M.D.Pa., March 24, 1995); *Burnside v. Mathis*, 2004 WL 2944092 (D.S.C. 2004). Since the plaintiff has failed to establish that his conviction has been reversed, expunged, or declared invalid by a state court, and no federal writ of habeas corpus has been issued, Plaintiff's attack on his conviction and sentence cannot proceed in this civil rights action. Plaintiff is not without a remedy, however. Plaintiff may seek and obtain leave from the United States Court of Appeals for the Fourth Circuit to file a successive petition. See, n. 1, supra.

To the extent Plaintiff is alleging that the Hampton County Clerk of Court has somehow violated his constitutional rights by failing to properly file or docket his case filings, Plaintiff has not named the Clerk of Court as a Defendant. Alan Wilson, the Attorney General of the State of South Carolina and the sole named Defendant in this action, is not responsible for the alleged failures of the Hampton County Clerk of Court. Further, even if the Plaintiff had named the Hampton County Clerk of Court as a Defendant, Clerks of Court are entitled to quasi-judicial immunity. The doctrine of absolute quasi judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *See Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992). *See also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support personnel). The Clerk is not responsible for ensuring that the merits of Plaintiff's court filings are addressed. *Cf. Lee X v. Casey*, 771 F. Supp. 725 (E.D.Va. 1991)(Plaintiff provided no evidence suggesting deputy clerk of court deprived him of his right of access to the courts).



## RECOMMENDATION

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, *supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

_____
Bristow Marchant
United States Magistrate Judge

September 27, 2012
Charleston, South Carolina

***The plaintiff's attention is directed to the important notice on the next page.***

5



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

